10-3785-ag
Lin v. Holder

BIA
A077 309 230

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of January, two thousand twelve,

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

MEI YU LIN,
> *Petitioner,*

> v.                                                    10-3785-ag
>                                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Gary J. Yerman, New York, New York.

FOR RESPONDENT:           Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Drew C. Brinkman, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mei Yu Lin, a native and citizen of the People's Republic of China, seeks review of an August 31, 2010, decision of the BIA denying her motion to reopen her removal proceedings. *In re Mei Yu Lin*, No. A077 309 230 (B.I.A. Aug. 31, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered, and is permitted to file only one such motion. 8 U.S.C. § 1229a(c)(7)(C). There is no dispute that Lin's second motion to reopen, filed nearly seven years after the BIA affirmed the IJ's denial of her asylum application, was untimely and number-barred. *See id.*

2

Although Lin argues that she presented evidence of changed country conditions to warrant consideration of her untimely motion, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA did not abuse its discretion in denying her motion because she failed to establish her prima facie eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). The BIA reasonably declined to accord probative weight to Lin's evidence based on the legitimate credibility concerns raised by the immigration judge's prior adverse credibility determination and Lin's failure to properly authenticate documents. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007). Similarly, the BIA reasonably found that Lin's claimed fear of economic persecution, supported only by her husband's "vague and generalized statement" indicating that the fine imposed is more than three years' income in the region, was insufficient to demonstrate her *prima facie* eligibility for relief. *See id.; Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).

Lastly, the BIA did not err in finding that Lin's assertion that her husband was sterilized was insufficient to establish a well-founded fear that she would face persecution under the family planning policy. *See Shi Liang*

*Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308-09 (2d Cir. 2007). Accordingly, the agency did not err in denying Lin's motion based on its finding that she failed to demonstrate her prima facie eligibility for relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4